# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1241V
UNPUBLISHED

| | |
|---|---|
| MATTHEW DUPLEASIS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: February 22, 2023<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Ryan Truesdale, Groth Law Firm, S.C., Wauwatosa, WI,* for Petitioner.

*Jennifer A. Shah, U.S. Department of Justice, Washington, DC,* for Respondent.

**RULING ON ENTITLEMENT**[1]

On April 19, 2021, Matthew Dupleasis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered left arm injuries as a result of an influenza vaccination he received on November 6, 2018. Petition at 1. Petitioner further alleges that his symptoms continued for more than six months. Petition at ¶13. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 21, 2023, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that "it is Respondent's position that Petitioner has satisfied the criteria set forth in the Table and the Qualifications and Aids to Interpretation

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

("QAI") for SIRVA." *Id.* at 5. Respondent further agrees that "this case was timely filed, that Petitioner received his vaccination in the United States, that Petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of his injury for more than six months after vaccine administration, and that there is no evidence of a factor unrelated that is a more likely cause of Petitioner's injury." *Id.* at 5-6.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
